IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | § § § | |
| Interpleader Plaintiff, | § § | |
| v. | § § | No. |
| JENIES MARTIN, | § § | |
| MONICA MARTIN, | § § | |
| SHANNEN BROWN, AND | § § | |
| WHITLEY BROWN, | § § | |
| Interpleader Defendants. | § § | |

### COMPLAINT FOR INTERPLEADER RELIEF

American General Life Insurance Company, by its undesigned attorney and pursuant to Fed. R. Civ. P. 22, hereby respectfully files its Complaint for Interpleader Relief against Jenies Martin, Monica Martin, Shannen Brown, and Whitley Brown concerning American General Life Insurance Policy No. A700013787L issued on the life of Bruce Martin and states as follows:

### PARTIES

1. American General Life Insurance Company ("American General") is an insurance company incorporated under the laws of the State of Texas with its principal place of business in Houston, Texas.

2. Jenies Martin ("J. Martin") is a citizen of the State of Georgia residing in Richmond County.

1

3. Monica Martin ("M. Martin") is a citizen of the State of Georgia residing in McDuffie County.

4. Shannen Brown ("S. Brown") is a citizen of the State of Georgia residing in McDuffie County.

5. Whitley Brown ("W. Brown") is a citizen of the State of Georgia residing in McDuffie County.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 as American General is a citizen of the State of Texas and no Defendant is a citizen of the State of Texas. Furthermore, the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1397 as both Defendants reside in Augusta, Georgia.

## FACTUAL BACKGROUND

8. On or about March 28, 2013, Bruce Martin (the "Decedent") applied for a life insurance policy with American General. *See* Application, attached hereto as **Exhibit A**.

9. In the Application, the Decedent designated J. Martin as the 100% primary beneficiary and did not designate a contingent beneficiary. *Id*.

10. Based on the Application, American General issued life insurance policy no. A700013787L with a face value of $100,000 (the "Policy"). *See* Policy, attached hereto as **Exhibit B**.

11. On or about August 22, 2014, the Decedent submitted a Change of Beneficiary Request ("First COB") naming J. Martin as primary beneficiary, and his daughters W. Brown, S.

2

Brown, and M. Martin as equal contingent beneficiaries. *See* First COB attached hereto as **Exhibit C**.

12. On or about January 5, 2023, American General received a Change of Beneficiary Request ("Second COB") naming J. Martin 30% primary beneficiary, W. Brown 30% primary beneficiary, S. Brown 30% primary beneficiary, and Shawn Funeral Home 10% primary beneficiary. *See* Second COB attached hereto as **Exhibit D**.

13. On or about January 9, 2023, American General received a Name and Address Change Form ("Address Change Form") updating the Decedent's contact information. *See* Address Change Form attached hereto as **Exhibit E**.

14. On or about January 9, 2023, American General received a Change Request to Bank Draft Authorization Form ("Bank Change Form") updating the Decedent's bank draft information. *See* Bank Change Form attached hereto as **Exhibit F**.

15. On or about January 11, 2023, American General received an Electronic Change of Beneficiary Request ("Third COB") designating M. Martin as 100% primary beneficiary. *See* Third COB attached hereto as **Exhibit G**.

16. The Decedent passed away on March 5, 2023.

17. On or about March 12, 2023, American General received a Claimant's Statement form from M. Martin. *See* M. Martin Claim Form attached hereto as **Exhibit H**.

18. Additionally, American General received an Assignment of Insurance Benefits form for Thomson Funeral System. *See* Assignment Form attached hereto as **Exhibit I**.

19. American General issued a check to Thomson Funeral System in the amount of $15,072.33.

20. American General received a letter from J. Martin contesting the recent beneficiary changes as the Decedent had been declared incompetent in March of 2022. *See* J. Martin Letter attached hereto as **Exhibit J**.

21. Thereafter, American General received a copy of the Statutory Power of Attorney document naming M. Martin as the Decedent's agent. *See* Statutory Power of Attorney attached hereto as **Exhibit K**.

22. Additionally, American General received a copy of the Healthcare Power of Attorney document naming M. Martin as the Decedent's agent. *See* Healthcare Power of Attorney attached hereto as **Exhibit L**.

23. The death benefit due and owing under the Policy is $84,927.67.

## CAUSE OF ACTION: INTERPLEADER RELIEF

24. American General incorporates by reference paragraphs 1–23 as if stated herein.

25. American General would, normally, distribute the death benefit in accordance with the Decedent's Third COB.

26. However, J. Martin maintains that the January 2023 change of beneficiary requests were procured by fraud.

27. If the Third COB was procured by fraud, but the Second COB was not procured by fraud, then the death benefit may be payable to M. Martin, S. Brown, and W. Brown.

28. However, if the Third and Second COBs were both procured by fraud, then the death benefit may be payable to J. Martin.

29. Therefore, there exists actual or potential, rival, adverse, and conflicting claims to the death benefit described above, and American General is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

30. American General is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and the potential for multiple litigations relating to the benefits due and owing under the Policy.

31. American General neither has, nor claims, any interest in the death benefit under the Policy, and at all times has been willing to pay the death benefit to the person or persons entitled to it.

32. American General should not be compelled to become involved in the dispute or contentions of competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of American General.

33. American General has in no way colluded with any of the parties named herein concerning the matters of this case. American General filed this Petition for Interpleader Relief on its own free will to avoid multiple liability, multiple litigation, or both.

34. American General will seek leave to deposit into the Registry of the Court the death benefit due and owing under the Policy, plus applicable post-mortem interest, if any.

35. American General alleges that it is entitled to interpleader relief pursuant to Fed. R. Civ. P. and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff American General Life Insurance Company requests:

A. That the Defendants be enjoined from instituting or prosecuting American General in any proceedings in any state or United States Court or administrative tribunal relating to the death benefit payable under American General life insurance policy number A700013787L and on account of the death of Bruce Martin and that said injunction issue without bond or surety;

B. That the Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, setting forth to which party the death benefit belongs, or any part thereof rightfully belongs, and how they make their claims thereto;

C. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under American General life insurance policy number A700013787L;

D. That this Court discharge American General of and from any and all further liability under American General life insurance policy number A700013787L and on account of the death of Bruce Martin.

E. That this Court enter an order awarding American General its attorneys' fees and costs in connection with this action, to be deducted from the death benefit due and owing under American General insurance policy number A700013787L;

F. That this Court excuse American General from further attendance upon this cause and dismiss American General from this case, with prejudice; and

G. That this Court grant American General such other and further relief that this Court deems just and equitable.

Dated: May 23, 2023                                                       Respectfully submitted,

/s/ *W. Preston Martin*
W. Preston Martin
Georgia Bar No. 950802

*Counsel American General Life Insurance Company*

**OF COUNSEL:**
BRESSLER, AMERY & ROSS, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Tel: (205) 719-0400
Fax: (205) 719-0500
E-mail: pmartin@bressler.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing will be served in accordance with the Federal Rules of Civil Procedure as follows:

Jenies Martin
2907 Oklahoma Avenue
Augusta, GA 30906

Monica Martin
2042 Daniel Pl.
Thomson, GA 30824

Shannen Brown
208 Canary St.
Apt. 208
Thomason, GA 30824

Whitley Brown
605 Cardinal St.
Thomason, GA 30824

                                                               /s/ *W. Preston Martin*
                                                               W. Preston Martin