IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | CV 123-063 |
| v. | * * | |
| JENIES MARTIN, MONICA MARTIN, SHANNEN BROWN, and WHITLEY BROWN, | * * * | |
| Defendants. | | |

O R D E R

Presently before the Court is Plaintiff's motion to deposit funds (Doc. 6) and Plaintiff's motion for clerk's entry of default[1] against Jenies Martin (Doc. 20). For the following reasons, Plaintiff's motions are **GRANTED**.

I. BACKGROUND

On May 23, 2023, American General Life Insurance Company ("Plaintiff") filed this interpleader action pursuant to Federal Rule of Civil Procedure 22. (Doc. 1.) The action arises due to potentially competing claims to the proceeds of a life insurance policy No. A700013787L (the "Policy") with a face value of

---

[1] On August 3, 2023, the Clerk entered default against Defendant Jenies Martin on Plaintiff's crossclaim. (Doc. 22.)

$100,000, issued by Plaintiff to Bruce Martin (the "Decedent"). (Id. at 2.)

On August 22, 2014, "the Decedent submitted a Change of Beneficiary [('COB')] Request ('First COB') naming [Jenies] Martin as primary beneficiary, and his daughters [Whitley] Brown, [Shannen] Brown, and [Monica] Martin as equal contingent beneficiaries." (Id. at 2-3.) On January 5, 2023, Plaintiff received a COB Request ("Second COB") "naming [Jenies] Martin 30% primary beneficiary, [Whitley] Brown 30% primary beneficiary, [Shannen] Brown 30% primary beneficiary, and Shawn Funeral Home 10% primary beneficiary." (Id. at 3.) On January 9, 2023, Plaintiff received a "Name and Address Change Form" updating the Decedent's contact information, and on January 9, 2023, Plaintiff received a "Change Request to Bank Draft Authorization Form," updating the Decedent's bank draft information. (Id.) On January 11, 2023, Plaintiff received an Electronic COB Request ("Third COB") "designating [Monica] Martin as 100% primary beneficiary." (Id.) On March 5, 2023, the Decedent passed away. (Id.)

Thereafter, Plaintiff received a "Claimant's Statement" form from Monica Martin and an "Assignment of Insurance Benefits" form for Thomson Funeral System, and Plaintiff issued a $15,072.33 check to Thomson Funeral System. (Id.) Plaintiff also "received a letter from [Jenies] Martin contesting the recent beneficiary changes as the Decedent had been declared incompetent in March of

2

2022." (Id. at 4.) Plaintiff then "received a copy of the Statutory Power of Attorney document naming [Monica] Martin as the Decedent's agent" and "a copy of the Healthcare Power of Attorney document naming [Monica] Martin as the Decedent's agent." (Id.)

Jenies Martin maintains the January 2023 COB Requests[2] were procured by fraud, such that there is a dispute over to whom the death benefit is payable. (Id.) As such, Plaintiff is subject to actual or potential conflicting claims to the death benefits from the Policy. (Id.) Plaintiff now moves for permission to deposit into the Registry of the Court the sum of $84,927.67, plus interest, representing the death benefit payable under the Policy as a result of the Decedent's death. (Doc. 6, at 1.)

## II. DISCUSSION

Federal Rule of Civil Procedure 67 details the procedure for depositing funds into the Court's Registry. It states "[i]f any part of the relief sought is . . . the disposition of a sum of money . . . a party — on notice to every other party and by leave of the court — may deposit with the court all or part of the money . . . ." FED. R. CIV. P. 67(a). Plaintiff seeks to deposit funds into the Court's Registry and represents that a copy of the motion was mailed to all Defendants. (Doc. 6, at 3.) Therefore,

---

[2] This includes the Second COB Request and the Third COB Request. (See Doc. 1, at 4.)

3

the Court **GRANTS** Plaintiff's motion and **ORDERS** the Clerk of the Court to receive into the registry of this Court payment by Plaintiff in the sum of $84,927.67, plus accrued interest, if any.

Plaintiff also moves for clerk's entry of default pursuant to Federal Rule of Civil Procedure 55 against Defendant Jenies Martin for failure to respond to its complaint. (Doc. 20, at 1-2.) Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Here, Plaintiff's motion states:

> [Plaintiff] used a private process server to serve [Jenies] Martin with process at the following address: 2907 Oklahoma Avenue, Augusta, Georgia 30906. . . . On June 19, 2023, [Jenies] Martin was served with process, and an Affidavit of Service was filed with this Court on June 23, 2023.

(Doc. 20, at 2.) Plaintiff cites Document 19 for support that Defendant Jenies Martin was served with a copy of the summons and complaint. (Id.) However, Document 19, which is the process server's affidavit, states: "On June 19, 2023, at 6:13 p.m., I served an Answer and Crossclaim, Exhibit A, Exhibit B, Exhibit C, Exhibit D, Exhibit E, Exhibit A, Verifications, in the above stated case, on the defendant, Jenies Martin, at 2907 Oklahoma Avenue, Augusta, Georgia 30906." (Doc. 19, at 1.) Contrary to Plaintiff's

4

assertion, Document 19 does not show Defendant Jenies Martin was served with a copy of the summons and complaint.

Notwithstanding, a review of the docket shows that Defendant Jenies Martin was served with a copy of the summons and complaint on May 30, 2023. (Doc. 8, at 2.) Defendant Jenies Martin has failed to plead or otherwise defend the present action; thus, entry of default is proper.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to deposit funds (Doc. 6) is **GRANTED** and Plaintiff's motion for clerk's entry of default against Defendant Jenies Martin (Doc. 20) is **GRANTED**. The Court **ORDERS** the Clerk of the Court to receive into the registry of this Court payment by Plaintiff in the sum of $84,927.67, plus accrued interest, if any. The Clerk is **DIRECTED** to enter default against Defendant Jenies Martin pursuant to FED. R. CIV. P. 55(a).

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2023.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```

5