IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY, | * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 123-063 |
| JENIES MARTIN; MONICA MARTIN; SHANNEN BROWN; and WHITLEY BROWN, | * * * * | |
| Defendants. | * * | |

O R D E R

Before the Court are Defendants Monica Martin, Shannen Brown, and Whitley Brown's (collectively, the "Moving Defendants") motion for default judgment against Defendant Jenies Martin (Doc. 28), Plaintiff's motion for default judgment against Defendant Jenies Martin (Doc. 30), and the Moving Defendants and Plaintiff's joint motion for discharge, dismissal, and disbursement of interpleader funds (Doc. 33). Defendant Jenies Martin has not appeared, pled, or otherwise defended this action. For the following reasons, each of these motions is **GRANTED**.

I. BACKGROUND

On March 28, 2013, Mr. Bruce Martin ("Decedent") applied for a life insurance policy with Plaintiff. (Doc. 1, ¶ 8.) Decedent's

application designated Defendant Jenies Martin as the 100% primary beneficiary and did not name a contingent beneficiary. (Id. ¶ 9.) Based on Decedent's application, Plaintiff issued life insurance policy number A700013787L with a face value of $100,000.00 (the "Policy"). (Id. ¶ 10.)

On August 22, 2014, Decedent submitted a Change of Beneficiary Request ("First COB") that named Defendant Jenies Martin as the primary beneficiary and the Moving Defendants as equal contingent beneficiaries. (Id. ¶ 11.) On January 5, 2023, Plaintiff received a second Change of Beneficiary Request ("Second COB") naming Defendant Jenies Martin as a 30% primary beneficiary, Defendant Whitley Brown as a 30% primary beneficiary, Defendant Shannen Brown as a 30% primary beneficiary, and Shawn Funeral Home as a 10% primary beneficiary. (Id. ¶ 12.) On January 11, 2023, Plaintiff received another Change of Beneficiary Request ("Third COB") that designated Defendant Monica Martin as 100% primary beneficiary. (Id. ¶ 15.)

On March 5, 2023, Decedent passed away. (Id. ¶ 16.) Thereafter, Plaintiff received an assignment of insurance benefits form for Thomson Funeral System ("Thomson") and issued a check to Thomson for $15,072.33. (Id. ¶¶ 18-19.) After deducting this amount from the Policy, the remaining death benefit due and owed under the Policy is $84,927.67 (the "Remaining Funds"). (Id. ¶ 23.) Because Defendant Monica Martin is listed as the 100% primary

2

beneficiary in the Third COB, the Moving Defendants contend she is entitled to the Remaining Funds. (Doc. 14, at 7.) Moreover, Plaintiff provides it received copies of the statutory power of attorney and healthcare power of attorney documents, both of which name Defendant Monica Martin as Decedent's agent. (Doc. 1, ¶¶ 21-22.) However, Plaintiff also received a letter from Defendant Jenies Martin contesting the beneficiary changes because, according to her, Decedent was declared incompetent in March 2022. (Id. ¶ 20; Doc. 1-1, at 38.) Plaintiff represents Defendant Jenies Martin also contends the Second COB and Third COB were procured by fraud. (Doc. 1, ¶ 26.) Plaintiff provides that, ordinarily, it would disburse the Remaining Funds according to the Third COB. (Id. ¶ 25.) However, if the Second COB and the Third COB were both procured by fraud, as Defendant Jenies Martin alleged, Plaintiff would disburse the Remaining Funds to Defendant Jenies Martin according to the First COB. (Id. ¶ 28.)

On May 23, 2023, Plaintiff initiated this interpleader action pursuant to Federal Rule of Civil Procedure 22, requesting the Court: (1) enjoin Defendants from filing suit against Plaintiff relating to the Remaining Funds under the Policy; (2) declare the rights of Defendants to the Remaining Funds; and (3) discharge Plaintiff from any and all liability under the Policy. (Id. at 1, 5-6.) On May 26, 2023, Plaintiff filed a motion to deposit the Remaining Funds, plus any accrued interest, into the Court's

3

Registry, which the Court granted. (Docs. 6, 25.) On October 2, 2023, Plaintiff deposited $87,803.64 into the Court's Registry. (Doc. 29, at 1.) On June 14, 2023, the Moving Defendants answered Plaintiff's complaint and asserted a crossclaim against Defendant Jenies Martin, seeking a declaratory judgment that Defendant Monica Martin, not Defendant Jenies Martin, is entitled to the Remaining Funds under the Third COB. (Doc. 14, at 7-8.)

Defendant Jenies Martin was served with Plaintiff's complaint on May 30, 2023 and was served with the Moving Defendants' answer and crossclaim on June 19, 2023. (Docs. 8, 19). Accordingly, Defendant Jenies Martin's deadlines to answer Plaintiff's complaint and the Moving Defendants' crossclaim were June 20, 2023 and July 10, 2023, respectively. See FED. R. CIV. P. 12(a). When Defendant Jenies Martin failed to respond by those deadlines, the Moving Defendants and Plaintiff filed motions for Clerk's entry of default against her. (Docs. 20, 21.) The Clerk entered default against Defendant Jenies Martin on each of these motions on August 3, 2023 and August 25, 2023. (Docs. 22, 26.) On September 8, 2023, the Moving Defendants filed a motion for default judgment against Defendant Jenies Martin, and, on October 20, 2023, Plaintiff did the same. (Docs. 28, 30.) To date, Defendant Jenies Martin has not appeared, pled, or otherwise defended this matter.

## II. DISCUSSION

The Court first addresses Plaintiff's and the Moving Defendants' motions for default judgment before turning to Plaintiff and the Moving Defendants' joint motion for discharge, dismissal, and disbursement.

### A. Motions for Default Judgment

The Court first addresses whether it has jurisdiction over this action before addressing the motions' merits.

#### 1. Legal Standard

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at *1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC, No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)); see also Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (holding default

5

judgment is merited only "when there is a sufficient basis in the pleadings for the judgment entered").

Further, a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain, 789 F.3d at 1245 (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)). Although well-pleaded allegations of fact are deemed admitted, defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. (citation and internal quotation marks omitted).

2. Jurisdiction

Plaintiff filed its complaint in this Court pursuant to Federal Rule of Civil Procedure 22. (Doc. 1, at 1.) Plaintiff contends the Court has subject-matter jurisdiction under 28 U.S.C. § 1332. (Id.) Section 1332 provides district courts subject-matter jurisdiction in cases where the amount in controversy exceeds $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Texas for § 1332 purposes because it is incorporated under the laws of Texas with

6

its principal place of business in Houston, Texas. (Doc. 1, ¶ 1); see also 28 U.S.C. § 1332(c)(1). Defendants are all citizens of Georgia. (Doc 1, ¶¶ 2-5; Doc. 14, ¶¶ 2-5.) Moreover, the Remaining Funds — the amount in controversy in this matter — exceed $75,000.00, exclusive of interest and costs. (Doc. 1, ¶ 23.) Therefore, 28 U.S.C. § 1332 provides the Court subject-matter jurisdiction over Plaintiff's complaint.

The Moving Defendants' crossclaim that Defendant Monica Martin, not Defendant Jenies Martin, is entitled to the Remaining Funds, arises out of a common nucleus of operative fact as Plaintiff's claim; thus, the Court has subject-matter jurisdiction over the crossclaim by virtue of 28 U.S.C. § 1367. See Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 742-43 (11th Cir. 2006). Furthermore, venue is proper in the Augusta Division of the Southern District of Georgia under 28 U.S.C. § 1397 because Defendants reside in this district. (See Doc. 1, ¶¶ 2-5); see also 28 U.S.C. § 90(c)(1). Finally, the Court has personal jurisdiction over Defendants because Plaintiff served each of them, and proof of such service was filed with the Court. (Docs. 8-10, 12.)

3. Liability

Since the jurisdictional requirements are satisfied, the Court turns to the merits of the motions for default judgment. Plaintiff requests the Court (1) enjoin Defendants from

7

instituting any legal proceedings against Plaintiff relating to the death benefit payable under the Policy, (2) determine and declare the rights of Defendants to the Remaining Funds, and (3) discharge Plaintiff from any further liability under the Policy. (Doc. 1, at 5-6.)  The Moving Defendants seek a declaratory judgment that (1) the Third COB is valid, (2) Defendant Jenies Martin does not have a claim to the Remaining Funds, (3) Defendant Monica Martin is entitled to the Remaining Funds, and (4) the Remaining Funds be distributed to Defendant Monica Martin.  (Doc. 14, at 6-7.)

Because Defendant Jenies Martin failed to respond to either Plaintiff's complaint or the Moving Defendants' crossclaim, the Court deems all well-pleaded factual allegations in the complaint and crossclaim as true for purposes of its analysis.  See Surtain, 789 F.3d at 1245 (citation omitted).  Accordingly, the Court finds the following facts admitted.  If Decedent is not incompetent, Plaintiff would distribute the Remaining Funds according to the Third COB.  (Doc. 1, ¶ 25.)  The Third COB designates Defendant Monica Martin as 100% primary beneficiary.  (Id. ¶ 15; Doc. 14, ¶ 15.)  Defendant Jenies Martin sent a letter to Plaintiff contesting the beneficiary changes made to the Policy.  (Doc. 1, ¶ 20; Doc. 14, ¶ 20.)  Defendant Jenies Martin contests the beneficiary changes because she believes Decedent was declared incompetent by medical professionals in March 2022.  (Doc. 1, ¶ 20; Doc. 14, ¶

8

40.) Although the documents attached to Defendant Jenies Martin's letter indicate she had to sign the documents for Decedent because he was "unable to sign due to weakness," nothing in the letter or attached documents indicates Decedent was incompetent. (Doc. 14, ¶ 41.) Rather, the documents attached to the letter only indicate Decedent was physically too weak to sign them. (Id.) Based on these facts, the Court finds there is no indication Decedent was incompetent at the time he executed the Third COB, so the Third COB is valid. As a result, Defendant Monica Martin, not Defendant Jenies Martin, is entitled to the Remaining Funds.

### 4. Damages

The Moving Defendants seek to recover the money Plaintiff tendered into the Court's Registry. (Doc. 14, at 7-8; Doc. 28, ¶ 14.) A judgment of default awarding cash damages cannot "properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985) (internal quotation marks and citation omitted). As the Moving Defendants point out, the damages at issue are liquidated and the damages due to Defendant Monica Martin are the money Plaintiff deposited with the Court on October 2, 2023. (Doc. 28, ¶ 14; Doc. 29, at 1.) As a result, the Court may enter default judgment in the Moving Defendants' favor without a hearing. See Adolph Coors, 777 F.2d at 1543 (citation omitted).

B. Motion for Discharge, Dismissal, and Disbursement

The Court now turns to Plaintiff and the Moving Defendants' joint motion for discharge, dismissal, and disbursement. (Doc. 33.) Plaintiff and the Moving Defendants represent they "agree that [Plaintiff] should be discharged and dismissed from this action with prejudice" and request "[t]hat Defendants be enjoined from instituting or prosecuting against [Plaintiff] any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable" under the Policy on account of Decedent's death. (Id. at 1, 5.)

"The law normally regards the plaintiff in an interpleader action as having been discharged of full responsibility regarding the interpleaded funds when the funds have been paid into the registry of the court and the parties have had notice and opportunity to be heard." Am. Gen. Life & Accident Ins. Co. v. Story, No. 106-129, 2007 WL 1185673, at *3 (S.D. Ga. Apr. 17, 2007) (quoting Kurland v. United States, 919 F. Supp. 419, 421 (M.D. Fla. 1996)). Additionally, "[t]he district court . . . has the authority to enter a permanent injunction to restrain all claimants from instituting any proceeding against the interpleader plaintiff concerning the *res* of the interpleader action." McBride v. McMillian, 679 F. App'x 869, 871-72 (11th Cir. 2017) (citing 28 U.S.C § 2361; State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 534 (1967)). Here, Plaintiff is a disinterested stakeholder and

10

has transferred the funds in controversy to the Court's Registry, so it is entitled to discharge from further liability and dismissal.

Plaintiff and the Moving Defendants also move the Court to disburse the funds Plaintiff deposited into the Court's Registry. (Doc. 33, at 5; Doc. 29.) Plaintiff and the Moving Defendants represent the Moving Defendants agree 100% of the Remaining Funds "should be paid to Defendant Monica Martin." (Id. at 4.) For the reasons discussed herein, entry of default judgment against Defendant Jenies Martin is appropriate. Accordingly, any interest she may have had in the Remaining Funds is terminated. See State Farm Life Ins. Co. v. Dykstra, No. 2:21-CV-136, 2022 WL 16722359, at *9 (S.D. Ga. Nov. 4, 2022) (citations omitted). Therefore, given the Moving Defendants' agreement, the funds in the Court's registry shall be disbursed to Defendant Monica Martin.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Moving Defendants' motion for default judgment (Doc. 28), Plaintiff's motion for default judgment (Doc. 30), and Plaintiff and the Moving Defendants' joint motion for discharge, dismissal, and disbursement of interpleader funds (Doc. 33) are **GRANTED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** in favor of Plaintiff against Defendant Jenies Martin as to the interpleader relief sought in

the complaint and to **ENTER JUDGMENT** in favor of Defendants Monica Martin, Shannen Brown, and Whitley Brown against Defendant Jenies Martin on their crossclaim. Based on this, Plaintiff is **DISCHARGED** from further liability in this action, and the Court **PERMANENTLY ENJOINS** Defendants from initiating any other action against Plaintiff for recovery of the death benefits payable under the Policy. Moreover, the Clerk is **DIRECTED** to **DISTRIBUTE** the $87,803.64 of interpleader funds currently held in the Court's Registry, plus any accrued interest, to Defendant Monica Martin. After the final distribution of funds, the Clerk is **DIRECTED** to **CLOSE** this case.

    **ORDER ENTERED** at Augusta, Georgia, this 26th day of April, 2024.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA